(Not for Publication)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                                    :
SIDNEY WILLIAMS,                                    :
                                                    :
                    Plaintiff,                      :         Civil No. 04-5097 (RBK)
                                                    :
          v.                                        :         **OPINION**
                                                    :
LUIS SANTIAGO, et al.                               :
                                                    :
                    Defendants.                     :
_____            :


**KUGLER**, United States District Judge:

        Presently before the Court is a motion by defendants Luis Santiago, Alfaro Ortiz and

Karen Vanselous ("Defendants") seeking summary judgment on the claims of plaintiff Sidney

Williams ("Plaintiff").  Plaintiff is an inmate at Riverfront State Prison ("Riverfront") in

Camden, New Jersey.  Defendant Santiago is a corrections officer at Riverfront.  Defendant Ortiz

is the former Administrator at Riverfront.  Defendant Vanselous is Assistant Ombudsman at

Riverfront.  For the reasons that follow, Defendants' motion will be granted in part and denied in

part.


## I.  BACKGROUND

        Plaintiff filed a complaint with this Court on April 15, 2005.  In his complaint, pursuant

to 42 U.S.C. § 1983, Plaintiff alleges that Defendants violated his constitutional rights as guaranteed under the Fourth, Fifth, Eighth, and Fourteenth Amendments.  Plaintiff alleges that these violations began when Defendants deprived him of two pairs of boots for a period of nearly three months, one of which Plaintiff claims to have been "medical equipment."  Plaintiff claims that defendant Santiago took the boots from him on January 11, 2003, and that the boots were not returned to him until March 27, 2003.  During the time that he was without his boots, Plaintiff claims that he had to wear "run down" sneakers.  Plaintiff further alleges that when later received his boots, they no longer fit his feet, which had become swollen and developed bunions as a result of having to wear improper footwear.  Plaintiff claims that despite several requests, he has not received boots that properly fit his feet and that his feet have become quite sore as a result. Plaintiff claims that throughout this process, he spoke with defendants Ortiz and Vanselous, who were not compliant in assisting him to obtain properly fitting boots.[1]  Plaintiff also mentions an incident that occurred on March 5, 2003, when he slipped and had a food cart fall on him.  In a letter filed with the Court on September 20, 2005, Plaintiff alleges that this incident occurred due to a lack of proper footwear.


**II.  STANDARD**

Defendants have moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), or in the alternative, summary judgment pursuant to Fed. R. Civ. P. 56.  As Defendants rely on materials outside the pleadings, dismissal under Rule 12 is inappropriate. See Fagin v. Gilmartin, 432 F.3d

---

[1]In his complaint, Plaintiff also names two additional defendants, Grace Nugent and Dr. Acosta.  Plaintiff has not shown these defendants to have been served with process, nor is any such indication present on the Court's docket.

276, 280 (3d Cir. 2005) ("Federal Rule of Civil Procedure 12(b) requires conversion from a motion to dismiss to a motion for summary judgment when materials outside the pleadings are considered.").  Therefore, Defendants' motion will be treated as one for summary judgment.  As the motion is framed as such in the alternative, Plaintiff is deemed to have notice that the motion will be treated as one for summary judgment.  Hilfirty v. Shipman, 91 F.3d 573, 578-79 (3d Cir. 1996).

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  Id. at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment. Celotex, 477 U.S. at 330. The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

3

Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

In this case, Plaintiff has failed to file a brief opposing Defendants' motion.  Plaintiff did, however, attach several exhibits to his complaint, as well as include other factual assertions in a letter filed with the Court.  Plaintiff's failure to oppose summary judgment does not necessarily entitle Defendants to judgment in their favor; rather, for those facts asserted by Defendants and unopposed by Plaintiff, "it is entirely appropriate for this court to treat [such] facts properly supported by the movant to be uncontroverted." Macias v. United States, 2006 U.S. Dist. LEXIS 46652, at *3 n.1 (D.N.J. June 30, 2006) (quoting Talbot v. United States, 2005 U.S. Dist. LEXIS 25700, at *2 (D.N.J. Oct. 28, 2005)).  This reasoning comports with Fed. R. Civ. P. 56(e), which states that "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." (emphasis added).

## III.  ANALYSIS

Government officials who are accused of violating a person's constitutional rights while performing discretionary functions are entitled to qualified immunity.  Qualified immunity shields officials "from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  This analysis is two-fold.  First, the court is to assess whether the facts as alleged by the plaintiff amount to a constitutional violation.  If this test is met, the court then determines whether the right is "clearly established." Saucier v.

4

Katz, 533 U.S. 194, 200-01 (2001); Kopec v. Tate, 361 F.3d 772, 775-76 (3d Cir. 2004).  In other words, before engaging in a determination of whether a right is clearly established, the court must first determine whether a constitutional violation has occurred, because "[i]f the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the officer is entitled to immunity." Id. at 776 (quoting Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002)).  Therefore, this Court must first assess the claims made by Plaintiff to determine whether they amount to a violation of his constitutional rights.  Only if such a finding is made does this Court then proceed to analyze whether the right violated was clearly established.

   A.   Eighth Amendment

      1.   Deprivation of Medical Equipment

Plaintiff alleges that Defendants' actions constituted a violation of his Eighth Amendment rights by depriving him of medical equipment.  To set forth an Eighth Amendment violation based on a denial of medical care, Plaintiff must show that Defendants acted with deliberate indifference to his serious medical needs.  Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This indifference can exist on the part of prison guards who "intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed." Id. at 104-05.

The Third Circuit has held that a medical need is deemed to be serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Lanzaro, 834 F.2d at 347 (quoting Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979)).  It noted that an inquiry into the

effect of a denial of treatment can be used as an alternative to this test, and is not necessary if the above test has been met.  See Lanzaro, 834 F.2d at 347 ("The seriousness of an inmate's medical need may also be determined by reference to the effect of denying the particular treatment.") (emphasis added).  The Third Circuit has cited with approval other appellate courts that have held that a refusal to provide medical care – or even a delay in providing such care – constitutes deliberate indifference.  Id. at 346-47 (citing Ancata v. Prison Health Services, 769 F.2d 700, 704 (11th Cir. 1985); Archer v. Dutcher, 733 F.2d 14 (2d Cir. 1984); Robinson v. Moreland, 655 F.2d 887, 889-90 (8th Cir. 1981); Todaro v. Ward, 565 F.2d 48, 53 (2d Cir. 1977)).

a.      Defendant Santiago

On January 1, 2003, Plaintiff was placed in a detention area at Riverfront.  Pursuant to the prison's policy, Plaintiff's possessions were taken from him at that time and inventoried. (Defs.' Br. Certification.)  On January 11, 2003, Plaintiff was released from detention. While two pairs of boots were taken from him when he was placed into detention, Plaintiff alleges – and prison records confirm – that neither was returned to him upon his release from detention. Defendant Santiago signed the inventory sheet, dated January 11, 2003, showing that no boots were returned to Plaintiff.  (Defs.' Br. Ex. E.)  In his complaint, Plaintiff alleges that defendant Santiago "confiscated" these boots.  (Compl. at 6.)  Plaintiff further alleges that one pair of these boots were ordered by Dr. Estrella Ronsayro as medical equipment.  Id.  Plaintiff claims to have shown defendant Santiago documentation to this effect, but claims that defendant Santiago nonetheless "seized" his boots.  Id.  Plaintiff attaches to his complaint a form showing that on May 29, 2002, Estrella Ronsayro, M.D., ordered for him a pair of boots under the heading "Other Medical Equipment." (Compl. at 13.)  Plaintiff further alleges that he contacted defendant Ortiz on

6

January 12, 2003 and defendant Vanselous on January 21, 2003 to notify them of this problem.

Defendants claim that the boots of which Plaintiff were deprived did not constitute medical equipment. They refer this Court to Plaintiff's medical records, which state that Plaintiff did not require medical boots. However, these assessments were all made following the incident on January 11, 2003, and are not necessarily determinative of whether the boots taken from Plaintiff on January 11, 2003 were medical equipment. Following the return of Plaintiff's boots, Defendants again refer this court to Plaintiff's medical records, which show that Plaintiff was seen extensively by the prison's medical staff regarding pain in both his feet and other parts of his body.

As is noted above, this Court must weigh the facts in a light most favorable to the plaintiff when evaluating a defendant's motion for summary judgment. Plaintiff has asserted that the boots taken from him were medical equipment, and attached documentation supporting such an assertion. Defendants have acknowledged that Plaintiff makes such a claim. (Defs.' Undisputed Statement of Material Facts ¶ 8). This Court must therefore consider the boots to be medical equipment, notwithstanding the support given by Defendants for their assertion that the boots were not medical in nature.

The documentation provided by Plaintiff makes clear that the boots were ordered for him by a medical doctor, thus meeting the threshold for a "serious medical need" set forth in Lanzaro. However, Plaintiff must also show that defendant Santiago acted with deliberate indifference, in that he intentionally deprived Plaintiff of this medical care, rather than acting inadvertently or in a merely negligent fashion. Estelle, 429 U.S. at 105-06. Plaintiff alleges to have showed documentation to Santiago which stated that the boots were medical equipment and had been

ordered by a medical professional.  If Santiago were with such knowledge, then his actions would be intentional, and thus rise to the level of deliberate indifference.

    b. <u>Defendants Ortiz and Vanselous</u>

   Plaintiff alleges that defendants Ortiz and Vanselous were liable for this deprivation through their roles as supervisors.  In order to show liability on the part of a supervisor, a plaintiff must show that the defendant, <u>inter alia</u>, "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations."  <u>A.M. v. Luzerne County Juvenile Detention Center</u>, 372 F.3d 572, 586 (3d Cir. 2004).  Such allegations "must be made with appropriate particularity."  <u>Manasco v. Rogers</u>, 2006 U.S. Dist. LEXIS 62530, at *15 (D.N.J. Sept. 1, 2006) (citing <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207-08 (3d Cir. 1988)).

   Plaintiff claims that he notified defendants Ortiz and Vanselous on January 12, 2003 and January 21, 2003, respectively, of defendant Santiago's actions depriving him of his boots.  Defendants do not dispute Plaintiff's contention.  Instead, Defendants claim that these boots were not medical equipment, and therefore any indifference on the part of defendants Ortiz and Vanselous to the actions of defendant Santiago could not amount to deliberate indifference to a serious medical need.  However, as is stated above, Plaintiff has proffered sufficient evidence to dispute this factual assertion.  Plaintiff has offered evidence that the boots were medical in nature and ordered for him by a medical professional.  Furthermore, Plaintiff has directly alleged that he notified defendants Ortiz and Vanselous of defendant Santiago's actions, and that they did not assist in obtaining his boots for him until two months later, when Plaintiff states that defendant Vanselous was able to reacquire the boots for Plaintiff.  Subsequently, Plaintiff has alleged

sufficient grounds to constitute deliberate indifference to a serious medical need on the part of defendants Ortiz and Vanselous.

c.     <u>Whether the Right was Clearly Established</u>

Since Plaintiff has alleged sufficient facts to substantiate a claim of an Eighth Amendment violation, this Court must progress to the second prong of the qualified immunity analysis and determine whether the right was clearly established. The Supreme Court has determined that such a finding hinges on "whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." <u>Saucier</u>, 533 U.S. at 202.

Given the allegations made and substantiated by Plaintiff, Defendants were not lacking information as to the medical nature of Plaintiff's boots. Plaintiff claims to have shown the form to defendant Santiago when Plaintiff's boots were taken; this record, as with all others, was equally obtainable by defendants Ortiz and Vanselous once Plaintiff brought the situation to their attention. Given this awareness of the medical nature of Plaintiff's boots, it would have been clear to Defendants that they were depriving an inmate of a medical device. Given further the Third Circuit's holding in <u>Lanzaro</u>, Defendants had the requisite awareness that such an act constituted a violation of that inmate's Eighth Amendment rights.

This Court finds that Plaintiff has provided a triable issue of fact regarding the deprivation of his boots for the period leading up to March 27, 2003 and will therefore deny Defendants' motion for summary judgment on this issue. If Defendants wish to rely on a defense that they were not notified of the problem or that the boots were not medical in nature, these are arguments which must be weighed against Plaintiff's evidence by a trier of fact.

2.     <u>Injuries Sustained on March 5, 2003</u>

Plaintiff also alleges an Eighth Amendment violation stemming from the injuries that he incurred on March 5, 2003, when a food cart fell on him. On this issue, Plaintiff's claim lacks merit and must be dismissed.

Regarding the incident on March 5, 2003, Plaintiff alleges that he slipped and fell due to a lack of proper footwear. In this instance, Plaintiff claims that the sneakers that he was forced to wear instead of his boots were insufficient and contributed to his fall. Accordingly, this assertion is treated as an Eighth Amendment regarding prison conditions and a failure by prison officials to prevent harm. As such, Plaintiff must show that "he [was] incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Furthermore, he must show that prison officials were deliberately indifferent to this risk, a standard which the Supreme Court equates with recklessness. See id. at 836 ("It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk."). Applying this standard, the Supreme Court has therefore concluded that the inquiry into deliberate indifference regarding prison conditions contains both an objective and subjective component. See id. at 837 ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.").

In this case, Plaintiff has neither contended that nor offered support for the idea that Defendants were subjectively aware of the risk posed to him by having only old sneakers to wear. Plaintiff has alleged only that he told Defendants about having to wear old sneakers; he does not

allege that he informed them of any risk that was posed to him, nor does he even allege that he understood such a risk to exist until the accident actually occurred. Since Plaintiff neither alleges nor offers evidence of the facts necessary to show deliberate indifference by Defendants, Defendants' motion for summary judgment will be granted as to Plaintiff's claim pertaining to the injuries he suffered on March 5, 2003.

3. Lack of Properly Fitting Boots

Finally, Plaintiff alleges that Defendants violated his Eighth Amendment rights by depriving him of properly fitting shoes on dates following March 27, 2003. Plaintiff cannot show a constitutional violation on the part of Defendants, and Defendants' motion for summary judgment as to this claim will therefore be granted.

Plaintiff claims that when he received his boots on March 27, 2003, they no longer properly fit his feet, and that since that date he has been without properly fitting boots and has had to wear old sneakers as a result. After bringing this situation to the attention of prison administrators, Plaintiff was seen by the prison's medical staff on numerous occasions. The medical staff did not neglect his problem; rather, they took several steps toward diagnosing Plaintiff's foot pain, including several podiatry consults. The medical staff ultimately concluded that Plaintiff required boots of a different size and subsequently ordered them for him. Plaintiff claims that these boots did not properly fit him either.

Throughout this process, Defendants at no point appeared to hinder Plaintiff's access to medical care. If Plaintiff alleges that the care provided by the medical staff was inadequate, such an allegation cannot be deemed to constitute deliberate indifference on the part of Defendants. See Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (finding that two prison administrators

11

could not "be considered deliberately indifferent simply because they failed to respond directly to the medical complaints of a prisoner who was already being treated by the prison doctor").

Furthermore, if the deprivation of properly fitting boots is seen as a condition of his confinement and not medical care, the lack of properly fitting boots does not suffice to constitute an Eighth Amendment violation. To show that this deprivation amounted to cruel and unusual punishment, Plaintiff must show that the punishment was "incompatible with 'the evolving standards of decency that mark the progress of a maturing society,'" Estelle, 429 U.S. at 102 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)), or was one which "involve[d] the unnecessary and wanton infliction of pain." Estelle, 429 U.S. at 103 (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). Plaintiff was not left without footwear; rather, he was relegated to wearing a pair of rundown tennis shoes while he lacked properly fitting boots. While he claims to have experienced sore feet as a result, Plaintiff cannot sustain a claim that these conditions violated his Eighth Amendment right to be free from cruel and unusual punishment, as Plaintiff was not "deprived of 'the minimal civilized measure of life's necessities.'" Tillery v. Owens, 907 F.2d 418, 426 (3d Cir. 1990) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). Furthermore, Defendants have offered evidence showing that they have tried to remedy this situation and told Plaintiff that he could purchase sneakers for himself if he chose to do so. Since Plaintiff is unable to sustain a claim for an Eighth Amendment violation, Defendants' motion for summary judgment on this claim will be granted.

B.      Fifth and Fourteenth Amendments

Plaintiff does not specify on what basis Defendants' actions constituted a violation of his

rights under the Fifth and Fourteenth Amendments.  This Court finding no basis for such claims,

it will award Defendants summary judgment.

### 1.   Property Deprivation

Plaintiff can not sustain a due process claim based on a deprivation of property, namely

the fact that he was without his boots for a period of time encompassing nearly three months.

The Supreme Court has held that "an unauthorized intentional deprivation of property by a state

employee does not constitute a violation of the procedural requirements of the Due Process

Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is

available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).  In this case, the New Jersey Tort

Claims Act, N.J.S.A. § 59:1-1, et seq., would provide Plaintiff with monetary damages should he

succeed in showing an illegal deprivation of his property.  This remedy is adequate to prohibit

Plaintiff from bringing an action under § 1983 for a deprivation of property.  Hudson, 468 U.S. at

531 n.11.

### 2.   Negligence

Any actions brought by Plaintiff alleging negligence on the part of Defendants does not

suffice to constitute a due process violation.  As is noted above, deliberate indifference in the

Eighth Amendment context requires a finding of a mindset akin to recklessness.  Under the

Fourteenth Amendment, negligence by prison officials similarly does not amount to a due

process violation.  See Daniels v. Williams, 474 U.S. 327, 332-33 (1986) ("[W]e do not believe

[the Due Process Clause's] protections are triggered by lack of due care by prison officials.").

### 3.   Cruel and Unusual Punishment

A pretrial detainee must assert claims for cruel and unusual punishments under the Due

13

Process Clause of either the Fifth or Fourteenth Amendments, depending on whether he is in federal or state prison.  However, once a prisoner is convicted and sentenced, an allegation of cruel and unusual punishment arises under the Eighth Amendment.  Hubbard v. Taylor, 399 F.3d 150, 164 (3d Cir. 2005).  This Court analyzed Plaintiff's claims under the Eighth Amendment above; analysis under either the Fifth or Fourteenth Amendment is therefore improper.

C.    Fourth Amendment

Plaintiff contends that Defendants violated his Fourth Amendment rights, and also makes reference to a "Privacy Act."  Construing Plaintiff's complaint liberally, see Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004) ("[P]ro se complaints in particular should be construed liberally,"), this Court assumes that Plaintiff alleges that his right to privacy under the Fourth Amendment was violated when defendant Santiago deprived him of his shoes.

The Supreme Court has held that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell."  Hudson, 468 U.S. at 526.  Citing Hudson, the Tenth Circuit has subsequently held that "the Fourth Amendment does not establish a right to privacy in prisoners' cells,"  Hayes v. Marriott, 70 F.3d 1144, 1146 (10th Cir. 1995), and therefore "prisoners are not protected under the Fourth Amendment from unreasonable searches of their prison cells or from the wrongful seizure of property contained in their cells."  Bridgeforth v. Ramsey, 1999 U.S. App. LEXIS 28886, at *3 (10th Cir. Nov. 2, 1999).  See also Taylor v. Smith, 820 F.2d 1225 (6th Cir. 1987) (holding that a prisoner must challenge the unlawful seizure of his property through the state's post-deprivation remedy).  Accordingly, Plaintiff does not have a cognizable claim under the Fourth Amendment for the

14

seizure of his boots, and Defendants' motion for summary judgment on this ground is granted.


## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Defendants' motion for summary judgment regarding Plaintiff's claim that the deprivation of his shoes from January 11, 2003 until March 27, 2003 constituted deliberate indifference to his serious medical need and subsequently violated his rights as guaranteed by the Eighth Amendment.  The Court will grant Defendants' motion for summary judgment as to Plaintiff's Eighth Amendment claims stemming from his injuries on March 5, 2003, and his lack of properly fitting boots following March 27, 2003.  The Court will also grant Defendants' motion for summary judgment as to Plaintiff's claims alleging violations of his Fourth, Fifth, and Fourteenth Amendment rights.  An accompanying order shall issue today.


Dated: September 22, 2006                                  s/ Robert B. Kugler

                                                                    ROBERT B. KUGLER

                                                                    United States District Judge