(Not for Publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
                                    :
SIDNEY WILLIAMS,                    :
                                    :
          Plaintiff,                :      Civil No. 04-5097 (RBK)
                                    :
     v.                             :      **OPINION**
                                    :
LUIS SANTIAGO, et al.               :
                                    :
          Defendants.               :
_____ :

**KUGLER**, United States District Judge:

Presently before the Court is a motion by defendants Luis Santiago, Alfaro Ortiz and Karen Vanselous ("Defendants") seeking summary judgment against plaintiff Sidney Williams ("Plaintiff") on Plaintiff's claim pursuant to 42 U.S.C. § 1983 for violation of his rights under the Eighth Amendment. Plaintiff is an inmate at Riverfront State Prison ("Riverfront") in Camden, New Jersey; defendant Santiago is a corrections officer at Riverfront; defendant Ortiz is the former Administrator at Riverfront; and defendant Vanselous is Assistant Ombudsman at Riverfront. For the reasons that follow, Defendants' motion for summary judgment will be denied.

1

**I.    BACKGROUND**

Because the parties are by now familiar with the factual and procedural history of this litigation, the background will not be set forth at length except as necessary for disposition of Defendants' second motion for summary judgment.  The Court hereby incorporates the statement of facts set forth in its Opinion of September 22, 2006.  On that date, this Court granted summary judgment in favor of Defendants on all of Plaintiff's claims except his claim, brought under 42 U.S.C. § 1983, that he was denied medical equipment between the dates of January 11, 2003 and March 27, 2003 in violation of his Eighth Amendment rights.  Subsequently, Defendants filed a second motion for summary judgment, presently before the Court, on that remaining claim.  Plaintiff did not file an opposition brief.

**II.    STANDARD FOR SUMMARY JUDGMENT**

Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 330 (1986).  A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could find for the nonmoving party."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  When the Court weighs the evidence presented by the parties, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."  <u>Id.</u> at 255.

The burden of establishing the nonexistence of a "genuine issue" is on the party moving for summary judgment.  <u>Celotex</u>, 477 U.S. at 330.  The moving party may satisfy this burden by either (1) submitting affirmative evidence that negates an essential element of the nonmoving

party's claim; or (2) demonstrating to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's case. Id. at 331.

Once the moving party satisfies this initial burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). To do so, the nonmoving party must "do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Rather, to survive summary judgment, the nonmoving party must "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

In this case, Plaintiff has not filed a brief opposing Defendants' motion. Plaintiff did, however, attach several exhibits to his complaint and include other factual assertions in a letter filed with the Court. Plaintiff's failure to oppose summary judgment does not necessarily entitle Defendants to judgment in their favor; rather, for those facts asserted by Defendants and unopposed by Plaintiff, "it is entirely appropriate for this court to treat [such] facts properly supported by the movant to be uncontroverted." Macias v. United States, Civ. No. 05-1445, 2006 U.S. Dist. LEXIS 46652, at *3 n.1 (D.N.J. June 30, 2006) (quoting Talbot v. United States, 05-CV-768, 2005 U.S. Dist. LEXIS 25700, at *2 (D.N.J. Oct. 28, 2005)). This reasoning comports with Fed. R. Civ. P. 56(e), which states that "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." (emphasis added).

### III.  ANALYSIS

Government officials who are accused of violating a person's constitutional rights while performing discretionary functions are entitled to qualified immunity. Qualified immunity

shields officials "from liability from civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). This analysis is two-fold. First, the court is to assess whether the facts as alleged by the plaintiff amount to a constitutional violation. If this test is met, the court then determines whether the right is "clearly established." Saucier v. Katz, 533 U.S. 194, 200-01 (2001); Kopec v. Tate, 361 F.3d 772, 775-76 (3d Cir. 2004). In other words, before engaging in a determination of whether a right is clearly established, the court must first determine whether a constitutional violation has occurred, because "[i]f the plaintiff fails to make out a constitutional violation, the qualified immunity inquiry is at an end; the officer is entitled to immunity." Id. at 776 (quoting Bennett v. Murphy, 274 F.3d 133, 136 (3d Cir. 2002)). Therefore, this Court must first assess Plaintiff's claim to determine whether it amounts to a violation of his constitutional rights. Only if such a finding is made does this Court then proceed to analyze whether the right violated was clearly established.

      A.     <u>Deprivation of Medical Equipment</u>

In partially denying Defendants' first motion for summary judgment, this Court cited genuine issues of material fact as to whether defendant Santiago's withholding of Plaintiff's boots demonstrated deliberate indifference to Plaintiff's serious medical needs and whether defendants Ortiz and Vanselous were also liable for the deprivation in their roles as supervisors. In their second motion for summary judgment, Defendants again argue that the boots issued to Plaintiff were not medical equipment but were simply standard issue boots in the appropriate size and hence, withholding them did not constitute a denial of medical care.

To set forth an Eighth Amendment violation based on a denial of medical care, a plaintiff must show that the defendant acted with deliberate indifference to his serious medical needs. Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 346 (3d Cir. 1987) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This indifference can exist on the part of prison guards who "intentionally deny[] or delay[] access to medical care or intentionally interfer[e] with the treatment once prescribed." Id. at 104-05.

The Third Circuit has held that a medical need is deemed to be serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Lanzaro, 834 F.2d at 347 (quoting Pace v. Fauver, 479 F. Supp. 456, 458 (D.N.J. 1979)). The Third Circuit has cited with approval other appellate courts that have held that a refusal to provide medical care – or even a delay in providing such care – constitutes deliberate indifference. Id. at 346-47 (citing Ancata v. Prison Health Servs., 769 F.2d 700, 704 (11th Cir. 1985); Archer v. Dutcher, 733 F.2d 14 (2d Cir. 1984); Robinson v. Moreland, 655 F.2d 887, 889-90 (8th Cir. 1981); Todaro v. Ward, 565 F.2d 48, 53 (2d Cir. 1977)).

    i.  Defendant Santiago

On January 1, 2003, Plaintiff was placed in a detention area at Riverfront. Pursuant to the prison's policy, Plaintiff's possessions were taken from him at that time and inventoried. (Defs.' Statement of Material Facts ¶¶ 2-3.) On January 11, 2003, Plaintiff was released from detention. While two pairs of boots were taken from him when he was placed into detention, Plaintiff alleges – and prison records confirm – that neither was returned to him upon his release from detention. Defendant Santiago signed the inventory sheet, dated January 11, 2003, showing that

no boots were returned to Plaintiff. (Defs.' 12/9/05 Br. Ex. E.) In his complaint, Plaintiff alleges that defendant Santiago "confiscated" these boots. (Compl. at 6.) Plaintiff further alleges that one pair of these boots was ordered by Dr. Estrella Ronsayro as medical equipment. (Id.) Plaintiff claims to have shown defendant Santiago documentation to this effect but says that defendant Santiago nonetheless "seized" his boots. (Id.) Plaintiff attaches to his complaint a form showing that on May 29, 2002, Estrella Ronsayro, M.D., ordered for him a pair of boots under the heading "Other Medical Equipment." (Compl. at 13.) Plaintiff further alleges that he contacted defendant Ortiz on January 12, 2003 and defendant Vanselous on January 21, 2003 to notify them of this problem.

     Defendants contend that the pair of boots of which Plaintiff was deprived did not constitute medical equipment. They refer this Court to the affidavit of Dr. Maurice Rosman, Medical Director of Riverfront State Prison, to support this assertion. Dr. Rosman avers that the "Triple E boots" referenced by Dr. Ronsayro were standard issue boots and were not medically designed or orthopedic in nature. (Rosman Decl. ¶ 7.) Dr. Rosman further attests that Plaintiff did not need any medically necessary equipment on May 29, 2002 because at that time, he merely exhibited flat feet and bunions as opposed to gross orthopedic deformities. (Id. at ¶ 8.) Based on Dr. Rosman's affidavit, Defendants argue that items from the prison storeroom cannot constitute medical equipment, and that medical equipment must be ordered directly from a manufacturer.

     The fact remains, however, that Plaintiff has adduced evidence that the boots were prescribed by a physician to treat a diagnosed problem. As previously noted, this Court must weigh the facts in a light most favorable to the plaintiff when evaluating a defendant's motion for summary judgment. Here, Plaintiff has asserted that the boots taken from him were medical

equipment and has attached documentation supporting that assertion. Defendants have acknowledged that Plaintiff makes such a claim. (Defs.' Undisputed Statement of Material Facts ¶ 8.) This Court must therefore consider the boots to be medical equipment, notwithstanding the support given by Defendants for their assertion that the boots were not medical in nature. The documentation provided by Plaintiff makes clear that the boots were ordered for him by a medical doctor, thus meeting the threshold for a "serious medical need" set forth in Lanzaro.

Plaintiff must also show, however, that defendant Santiago acted with deliberate indifference, in that he intentionally deprived Plaintiff of this medical care, rather than acting inadvertently or in a merely negligent fashion. Estelle, 429 U.S. at 105-06. Plaintiff alleges that he showed documentation to Santiago stating that the boots were medical equipment and that they had been ordered by a medical professional. If Santiago possessed such knowledge, then his actions would be intentional, and thus rise to the level of deliberate indifference.

      ii.      Defendants Ortiz and Vanselous

Plaintiff alleges that defendants Ortiz and Vanselous were liable for this deprivation through their roles as supervisors. In order to show liability on the part of a supervisor, a plaintiff must show that the defendant, inter alia, "participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." A.M. v. Luzerne County Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004). Such allegations "must be made with appropriate particularity." Manasco v. Rogers, Civ. No. 01-1426, 2006 U.S. Dist. LEXIS 62530, at *15 (D.N.J. Sept. 1, 2006) (citing Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988)).

Plaintiff claims that he notified defendants Ortiz and Vanselous on January 12, 2003 and January 21, 2003, respectively, that defendant Santiago had deprived him of his boots. Defendants do not dispute Plaintiff's contention.  Instead, Defendants claim that these boots were not medical equipment, and therefore any indifference on the part of defendants Ortiz and Vanselous to the actions of defendant Santiago could not amount to deliberate indifference to a serious medical need.  Nonetheless, as is stated above, Plaintiff has proffered sufficient evidence to dispute this factual assertion.  Plaintiff has offered evidence that the boots were medical in nature and ordered for him by a medical professional.  Furthermore, Plaintiff has directly alleged that he notified defendants Ortiz and Vanselous of defendant Santiago's actions, and that they did not assist in obtaining his boots for him until two months later, when Plaintiff states that defendant Vanselous was able to reacquire the boots for Plaintiff.  Consequently, Plaintiff has alleged sufficient grounds to constitute deliberate indifference to a serious medical need on the part of defendants Ortiz and Vanselous.

B.     Whether the Right was Clearly Established

Since Plaintiff has alleged sufficient facts to substantiate a claim of an Eighth Amendment violation, this Court must progress to the second prong of the qualified immunity analysis and determine whether the right was clearly established.  The Supreme Court has determined that such a finding hinges on "whether it would be clear to a reasonable [official] that his conduct was unlawful in the situation he confronted." Saucier, 533 U.S. at 202.

Given the allegations made and substantiated by Plaintiff, Defendants were not lacking information as to the medical nature of Plaintiff's boots.  Plaintiff claims to have shown the form to defendant Santiago when Plaintiff's boots were taken; this record, as with all others, was

8

equally obtainable by defendants Ortiz and Vanselous once Plaintiff brought the situation to their attention. Given this awareness of the medical nature of Plaintiff's boots, it would have been clear to Defendants that they were depriving an inmate of a medical device. Given further the Third Circuit's holding in <u>Lanzaro</u>, Defendants had the requisite awareness that such an act constituted a violation of that inmate's Eighth Amendment rights. Accordingly, this Court finds that Plaintiff has provided a triable issue of fact regarding the deprivation of his boots for the period leading up to March 27, 2003 and will therefore deny Defendants' motion for summary judgment.

## IV.  CONCLUSION

For the foregoing reasons, the Court will deny Defendants' motion for summary judgment regarding Plaintiff's claim that the deprivation of his boots from January 11, 2003 until March 27, 2003 constituted deliberate indifference to his serious medical need and consequently violated his rights as guaranteed by the Eighth Amendment. An accompanying order shall issue today.


Dated:   11/9/07                                                                      s/ Robert B. Kugler
                                                                                                  ROBERT B. KUGLER
                                                                                                  United States District Judge